IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **BRANDI LOVE,** § | | |
| § | | |
| Plaintiff, § | | |
| § | **CIVIL ACTION NO. _____** | |
| v. § | | |
| § | **JURY** | |
| **FCA US LLC and** § | | |
| **THE ESTATE OF SCOTT A. DRIVER,** § | | |
| § | | |
| Defendants. § | | |

**DEFENDANT FCA US LLC'S**
**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1.  Defendant FCA US LLC ("FCA US") hereby removes to this Court an action pending in the 50th Judicial District Court of Cottle County, Texas under Cause No. 4567 ("the Action") on the following two bases.

2.  First, FCA US removes on the basis of diversity jurisdiction, pursuant to the terms and provisions of 28 U.S.C. §§ 1332, 1441, and 1446.

3.  Second, in the alternative, FCA US removes to this Court in accordance with 28 U.S.C. § 1452. Plaintiff's claims against FCA US concern the design, manufacture, and sale of a 2007 Dodge Caravan ("subject vehicle"). However, FCA US did not design, manufacture, or sell the subject vehicle, and FCA US is not a successor of any entity that did. Rather, FCA US purchased assets of Chrysler LLC, a bankrupt entity, which was the successor-in-interest to the manufacturer of the subject vehicle. Any potential liability of FCA US for Plaintiff's claims relating to the subject vehicle, if proved, would arise solely from the terms of orders of the Bankruptcy Court, which approved the asset purchase and set forth the limited liabilities contractually assumed by FCA US. Accordingly, because the interpretation and enforcement of the Bankruptcy Court's orders are at issue, this civil proceeding arises under title 11 – the United States Bankruptcy Code – or arises in or relates to a case under title 11. This Court, therefore, has original jurisdiction over the

Action under 28 U.S.C. § 1334(b), and the Action is removeable to this Court under 28 U.S.C. § 1452(a).[1]

# I.
## BACKGROUND

### A. Plaintiff Filed Product Liability Claims Against FCA US and Negligence Claims Against the Estate of Scott A. Driver.

4. Plaintiff filed this Action on May 30, 2019 in the 50th Judicial District Court of Cottle County, Texas.[2] FCA US first received a copy of Plaintiff's Original Petition on May 31, 2019.[3]

5. The Petition alleges that Plaintiff Brandi Love's husband, Terry Love, was killed in a two-vehicle motor vehicle accident that occurred on September 1, 2018 in Cottle County, Texas.[4] At the time of the crash, Scott Driver, whose estate is a named Defendant, was driving the bullet vehicle that struck the 2007 Dodge Caravan that Terry Love was driving.[5]

6. Plaintiff alleges that Driver was negligent for failing to maintain control of his vehicle, failing to timely apply his brakes, failing to timely steer, and failing to yield the right of way.

7. Asserting product liability claims against FCA US, Plaintiff alleges FCA US "designed, manufactured, marketed, assembled, and/or tested" the 2007 Dodge Caravan and that FCA US was negligent because the "vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested."[6]

---

[1] It is important to note that the Court's jurisdiction on the basis addressed in Paragraph 3 is not a novel issue. The United States District Court for the Eastern District of Texas recently issued a Memorandum Opinion denying a plaintiff's motion to remand and agreeing to exercise jurisdiction over a products liability case filed in Texas state court against FCA US involving a pre-bankruptcy vehicle. A copy of the Court's Memorandum and Order in that matter is attached as *Exhibit 1* for the Court's consideration.

[2] *See generally* Plfs.' Original Pet., attached as **Ex. 2**.

[3] *See* Service of Process Transmittal, attached as **Ex. 3**.

[4] Ex. 2 at Section IV.

[5] *Id.*

[6] *Id.* at Section V.

B. **Plaintiff's Improper Attempt to Hold FCA US Liable for the Acts or Omissions of a Bankrupt Entity**

8. Contrary to Plaintiff's claims, FCA US did *not* design, develop, test, manufacture, assemble, market, or sell the subject 2007 Dodge Caravan, because FCA US did not exist until April 30, 2009.[7] Nor, for purposes of establishing liability in a products liability case, is FCA US a successor of any entity that did.[8] Rather, FCA US purchased assets of Chrysler LLC, a bankrupt entity, which was the successor-in-interest to the manufacturer of the 2007 Dodge Caravan.[9] Accordingly, FCA US's liability for claims relating to the 2007 Dodge Caravan, if any, would arise solely out of the asset purchase agreement approved by the Bankruptcy Court.[10]

C. **The 2009 Chrysler LLC ("Old Chrysler") Bankruptcy**

9. On April 30, 2009, Chrysler LLC (subsequently named Old Car LLC) and 24 of its affiliated entities (collectively, "the Debtors" or "Old Chrysler"), filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York.[11] On May 19, 2009, the Debtors and a newly formed independent entity, now known as FCA US,[12] entered into a Master Transaction Agreement ("MTA"). Under the terms of the MTA, FCA US purchased substantially all of the Debtors' assets but assumed only *certain* of their liabilities.[13]

10. The Bankruptcy Court approved the MTA and the sale by entering its Sale Order of June

---

[7] *See* Certificate of Formation, attached as **Ex. 4**.

[8] *See* Order of June 1, 2009, In re Chrysler LLC, Case No. 09-50002, attached as **Ex. 5**, at 40, ¶ 35.

[9] *See id*. The manufacturer of the vehicle that is the subject of this Action is DaimlerChrysler Corporation. In 1998, the name of Chrysler Corporation was changed to DaimlerChrysler Corporation. In 2007, DaimlerChrysler Corporation was converted to a limited liability company and renamed DaimlerChrysler Company LLC. DaimlerChrysler Company LLC was later renamed Chrysler LLC.

[10] *White v. FCA US, LLC*, 579 B.R. 804, 811 (E.D. Mich. 2017) ("Were it not for the MTA, the plaintiffs would have to bring their claim as an adversary proceeding in Old Chrysler's bankruptcy case.").

[11] *In re Old Carco LLC (f/k/a Chrysler LLC),* Case No. 09-50002 (Bankr. S.D.N.Y.).

[12] The party to the MTA was New Carco Acquisition LLC. On June 10, 2009, New Carco Acquisition LLC changed its name to Chrysler Group LLC. Effective December 15, 2014, Chrysler Group LLC changed its name to its current one, FCA US LLC—the party filing this notice of removal.

[13] *See* Master Transaction Agreement, selected portions attached as **Ex. 6**.

1, 2009, which authorized the sale of substantially all of the Debtors' assets free and clear of all liens, claims, interests, and encumbrances.[14] The asset sale to FCA US closed on June 10, 2009.

11.  In the Sale Order, the Bankruptcy Court limited the liability of FCA US to only those liabilities of the Debtors that were expressly assumed. With limited exceptions, FCA US did not assume liability "for any claim that . . . relates to the production of vehicles prior to the Closing Date or [] otherwise is assertable against the Debtors or is related to the Purchased Assets prior to the closing date."[15] Additionally, FCA US was *not* to be a legal successor or a continuation of, and did not merge with, the bankruptcy Debtors.[16] The Bankruptcy Court specifically ordered that FCA US would "not have any successor, derivative or vicarious liabilities of any kind . . . for any Claims, including . . . products or antitrust liability."[17]

## II.
## DIVERSITY BASIS FOR REMOVAL

12.  Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, is a citizen and resident of the State of Texas.[18]

13.  Defendant FCA US is a single-member limited liability company organized under the laws of Delaware, with its principal place of business in Michigan. Thus, FCA US is a citizen of the States of Delaware and Michigan for purposes of determining diversity of citizenship.[19] FCA US is not and has not been a citizen of the State of Texas.

14.  Plaintiff asserts that Defendant the Estate of Scott A. Driver may be served at the decedent's residence at 1407 N. 5th Street Sayre, Oklahoma 73662.[20]

---

[14] *See* Order of June 1, 2009, Ex. 5.

[15] Order of June 1, 2009, Ex. 5, ¶ 35.

[16] *Id.*

[17] *Id.*

[18] *See* Plfs.' Original Pet. at Section II.

[19] 28 U.S.C. § 1332(c)(1).
[20] *See* Plfs.' Original Pet. at Section II.

15. Thus, complete diversity between Plaintiff and all Defendants exists.

### III.
### ALTERNATIVE BANKRUPTCY BASIS FOR REMOVAL

16. Federal district courts have original jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."[21] Wherever federal jurisdiction exists under Section 1334, a "party may remove any claim or cause of action . . . to the district court where such civil action is pending."[22]

17. Under Section 1334, proceedings "arising under" title 11 involve causes of action "created or determined by a statutory provision of title 11."[23] Similarly, proceedings "arising in" bankruptcy cases are proceedings that "would have no existence outside of the bankruptcy."[24] Proceedings that "arise under" title 11 or "arise in" a bankruptcy case are also known as "core proceedings."[25]

18. A proceeding is said to more broadly "relate to" a bankruptcy proceeding under Section 1334 when "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy."[26]

19. For the reasons that follow, federal jurisdiction exists because this case arises under and relates to the bankruptcy case of *In re Old Carco LLC (f/k/a Chrysler LLC)*.

**A.    This Court has jurisdiction under 28 U.S.C. § 1334(b) because the Action "arises under" title 11 or "arises in" a bankruptcy case.**

20. As noted, the district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[27] Cases that involve the interpretation of a bankruptcy order arise under title 11 and are considered core

---

[21] 28 U.S.C. § 1334(b); *Wellness Wireless, Inc. v. Infopia Am., LLC*, 606 F. App'x 737, 739 (5th Cir. 2015).

[22] 28 U.S.C. § 1452(a).

[23] *In re Wood*, 825 F.2d 90, 96 (5th Cir. 1987) (citation omitted).

[24] *Id.* at 97.

[25] *Stern v. Marshall*, 564 U.S. 462, 476 (2011); *see also In re Wood*, 825 F.2d at 97.

[26] *In re Galaz*, 665 F. App'x. 372, 375 (5th Cir. 2016) (citations omitted).

[27] 28 U.S.C. § 1334(b).

proceedings.[28]

21. Further, bankruptcy courts themselves have the power and jurisdiction to interpret and enforce their own orders.[29] This is true even if the underlying bankruptcy case has closed.[30] Accordingly, in this case, the Bankruptcy Court expressly retained jurisdiction "to interpret, implement and enforce the terms and provisions" of its Sale Orders "including to . . . protect the Purchaser [FCA US] against any Claims."[31] The Bankruptcy Court also expressly retained jurisdiction "over all matters or disputes arising out of or in connection with" its subsequent Order approving Amendment No. 4 to the MTA.[32] However, before a bankruptcy court can assume jurisdiction over a state-law action as described above, the action must first be removed to the federal district court encompassing the state court venue pursuant to § 1334(b).[33]

22. As noted above, contrary to Plaintiff's allegations, FCA US did not design, develop, manufacture, inspect, test, sell, market, or distribute the 2007 Dodge Caravan. Rather, the subject vehicle was designed and sold by the now-defunct DaimlerChrysler Corporation years before FCA US came into existence.[34] Plaintiff ostensibly seeks to impose liability upon FCA US

---

[28] *In re Martinez*, No. 00-40412, 2000 WL 34508398, at *1 (5th Cir. Oct. 5, 2000); *see also In re Allegheny Health, Educ. and Research Found.*, 383 F.3d 169, 175–76 (3rd Cir. 2004) (upholding determination "that the suit was a core proceeding because it required the court to interpret and give effect to its previous sale orders"); *In re Millennium Sea Carriers, Inc.*, 458 F.3d 92, 95 (2nd Cir. 2006) (holding that a request for the bankruptcy court to enforce a sale order constitutes a core proceeding); *see also In re Karykeion, Inc.*, No. 12-1363, 2013 WL 1890626, at *3 (B.A.P. 9th Cir. May 6, 2013) (holding that "as this adversary proceeding turned on the interpretation of agreements approved by and incorporated into a [bankruptcy] sale order, it was a core matter").

[29] *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009); In re Franklin, 802 F.2d 324, 326 (9th Cir. 1986) ("Simply put, bankruptcy courts must retain jurisdiction to construe their own orders if they are to be capable of monitoring whether those orders are ultimately executed in the intended manner.").

[30] *In re Williams*, 256 B.R. 885, 892 (8th Cir. 2001) ("It is also well established that bankruptcy courts retain jurisdiction after a case has been dismissed or closed to interpret or enforce previously entered orders.").

[31] *See* Order of June 1, 2009, Ex. 5, ¶ 59.

[32] *See* Order of Nov. 19, 2009, Ex. 7, ¶ 2.

[33] *See* 28 U.S.C. § 157(a) ("Each district court may provide that any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.").

[34] *See* Certificate of Formation, Ex. 4.

for alleged actions that, if true, would be properly attributable of the bankrupt Debtors.[35] But for the Bankruptcy Court's issuance of the Sale Orders, no basis would exist for *any* claim to be asserted against FCA US for *any* liabilities incurred by the bankrupt Debtors.[36] Accordingly, any claims Plaintiff asserts against FCA US for the alleged actions of the bankrupt Debtors necessarily implicate and require judicial interpretation of the Sale Orders entered in *In re Old Carco LLC (f/k/a Chrysler LLC)*.

23. Indeed, interpretation of the very Sale Orders at issue in this case has been found to constitute a "core proceeding" arising in the bankruptcy by the Bankruptcy Court for the Southern District of New York – the court that issued those orders.[37]

24. Federal district courts around the country have also reached the same conclusion, finding that interpretation and enforcement of the Sale Orders constitutes a "core proceeding" subject to bankruptcy jurisdiction.[38]

---

[35] *See* Sale Orders, Exs. 5 & 7.

[36] *Id.*; *White*, 579 B.R. at 811. FCA US does not concede that the Sale Orders provide a basis for the specific claims asserted by Plaintiff in the present action.

[37] *See* Order Granting Defendant's Motion to Dismiss, *Wolff v. Chrysler Group LLC*, Ad. Proc. No. 10-05007 (Bankr. S.D.N.Y, J. Gonzalez, July 30, 2010) (Bankruptcy Court holding that a claim asserted against FCA US [then known as Chrysler Group LLC] and removed from state court and transferred to the Bankruptcy Court was a core proceeding as it was "ancillary to the Sale Order"), attached as **Ex. 8**.

[38] *See, e.g., Daniels v. FCA US, LLC*, No. 4:17-02300-AMQ, 2018 WL 3587004, at *5 (D.S.C. July 26, 2018) (finding jurisdiction proper under Section 1334(b) and denying remand because the plaintiff "would not have been able to assert [his claims] against FCA except for the bankruptcy"); *White*, 579 B.R. at 811 (finding that "the state case 'arises in' and 'relates to' the bankruptcy, because (1) FCA did not exist when the 2003 Jeep was made and was not the entity that designed or manufactured the Jeep; (2) FCA's liability for the claims pleaded in the complaint necessarily derives from the bankruptcy sale agreement and order confirming that sale that was entered in the bankruptcy case; and (3) in order for the case to proceed at all, the plaintiff must begin by showing that FCA assumed liability for the claims pleaded"); *Powell v. FCA US LLC*, No. 3:15-cv-393, 2015 WL 5014097, at *4 (M.D. Ala. Aug. 21, 2015) ("Before any court considers the merits of the case, it will first have to interpret the scope of the Sale Order as applied to the Plaintiffs' claims. Therefore, the court finds that the case 'arises in' a bankruptcy case and that it is a core proceeding. There is proper jurisdiction under § 1334(b) [and] removal was proper under § 1452[.]"); *Martin v. Chrysler Group LLC*, No. 6:12-cv-00060, 2013 WL 5308245, at *4 (W.D. Va. Sept. 20, 2013) (finding that bankruptcy jurisdiction existed because the plaintiffs' claims "would not exist 'but for' the Sale Order"); *Quesenberry v. Chrysler Group, LLC*, No. 12-cv-480-ART, 2012 WL 3109431, at *4 (E.D. Ky. July 31, 2012) (finding case to be a core proceeding because it involved "the interpretation and enforcement of the Bankruptcy Court's Sale Order and Purchase Agreement"); *Monk v. Chrysler Group, LLC*, No. 1:09-cv-2511, 2009 WL 4730314, at *4–5 (N.D. Ga. Dec. 3, 2009) (finding that "[i]ssues raised in the present action require interpretation and

25.     Here, because any liability of FCA US derives from its purchase of assets from the bankruptcy estate of the subject vehicle's designer and manufacturer, Plaintiff's case against FCA US arises under title 11 and arises in a bankruptcy case. Further, Plaintiff asserts claims against FCA US based on alleged acts or omissions regarding the design, manufacture, sale, and warnings of the 2007 Dodge Caravan even though the MTA approved by the Bankruptcy Court expressly excludes liability of FCA US for the acts or omissions of DaimlerChrysler Corporation.[39]

26.     Therefore, FCA US's liability, if any, for the claims plead in the Petition necessarily derives from the bankruptcy Sale Orders, and many of Plaintiff's claims against FCA US are expressly barred by—and thus require interpretation of—those orders.[40]

**B.     This Court also has jurisdiction because the Action "relates to" a bankruptcy case.**

27.     Federal district courts' "jurisdiction over proceedings 'related to' the bankruptcy case is quite broad."[41] Thus, even if this case were not held to directly "arise in" the bankruptcy proceedings, Section 1334(b) would still confer federal jurisdiction over this case as it inarguably "relates to" a bankruptcy case.

28.     A case is "related to a bankruptcy proceeding if 'the outcome could *conceivably* have any effect on the estate being administered in bankruptcy."[42] Here, Plaintiff seeks to hold FCA US accountable for alleged defects in a vehicle that was designed and manufactured by

---

application of the Sale Orders" and that "these threshold issues need to be resolved by the Bankruptcy Court").

[39] MTA, Ex. 6, § 2.09(j).

[40] *See, e.g.*, Minute Entry Granting Judgment on Pleadings, *Mares v. Chrysler Group, LLC*, No. GC044931 (Super. Ct. Cal. Oct. 5, 2012) (finding that "a plain reading" of the MTA and its amendments "excludes liability for negligence" and dismissing claims for negligent product liability, failure to warn, failure to recall, and negligent infliction of emotional distress), attached as **Ex. 9**;  Memorandum Decision Granting Defendant's Motion for Summary Judgment, *Ricks v. New Chrysler Group LLC*, Ad. Proc. No. 12-09801-SMB (S.D.N.Y. Bankr. May 2, 2013) ("New Chrysler did not assume any liabilities based on fraud or fraudulent practices . . . ."), attached as **Ex. 10**.

[41] *In re Greektown Holdings, LLC*, 728 F.3d 567, 577 (6th Cir. 2013) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 307–08 (1995).

[42] *In re Galaz*, 665 F. App'x 372, 375 (5th Cir. 2016) (citations omitted).

DaimlerChrysler Corporation. The Sale Orders act to transfer only certain liabilities of the manufacturer to FCA US. Were it not for the Sale Orders, Plaintiff would have to bring her claims as an adversary proceeding in the bankruptcy case, and a successful judgment would merely make Plaintiff an unsecured creditor of the bankruptcy estate's assets.[43]

29. Therefore, a threshold question underlying all of Plaintiff's claims against FCA US in this litigation is whether the Bankruptcy Court ordered FCA US to assume the specific liabilities that Plaintiff asserts as to the specific vehicle described in Plaintiff's Original Petition. Regardless of the answer, the question itself requires the Court to construe the Bankruptcy Court's Sale Orders. The Court's construction, in turn, will necessarily have an effect on the bankruptcy estate. Accordingly, this Court has jurisdiction because Plaintiff's claims "relate to" the bankruptcy case of *In re Old Carco LLC (f/k/a Chrysler LLC)*.

30. In sum, the fact that FCA US could be liable for alleged defects in a DaimlerChrysler Corporation vehicle, if at all, *only* because of the bankruptcy means this case arises under title 11, arises in a bankruptcy case, or relates to a bankruptcy case. This Court therefore has original jurisdiction under 28 U.S.C. § 1334(b). Further, this Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of all other claims asserted in Plaintiff's Petition because they all involve a "common nucleus of operative fact."[44] Removal to this Court is therefore proper under 28 U.S.C. § 1452.

## IV.
### PROCEDURAL REQUIREMENTS

31. In ascertaining the amount in controversy, courts may consider whether the requisite

---

[43] *See White*, 579 B.R. at 811 ("The plaintiffs here seek to hold FCA accountable for defects in a vehicle that was manufactured by Old Chrysler. Were it not for the MTA, the plaintiffs would have to bring their claim as an adversary proceeding in Old Chrysler's bankruptcy case. A successful judgment likely would make the plaintiffs unsecured creditors of Old Chrysler, who would share with other such creditors in the estate's assets, if any.")

[44] *In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also* 28 U.S.C. § 1367 ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

jurisdictional amount is facially apparent from the Original Petition.[45] In the Original Petition, Plaintiff alleges that she is "seeking monetary relief of over $1,000,000."[46] Plaintiff additionally alleges that she has suffered "past and future loss: loss of care, maintenance, support, services, advice, counsel, reasonable contributions of pecuniary value, loss of companionship and society, and loss of consortium."[47] Due to Plaintiff's allegations of her damages, the Original Petition implicates an amount in controversy well in excess of the $75,000 jurisdictional threshold of this Court.

32. The filing of this notice of removal is timely as it is filed within 30 days of receipt of Plaintiff's Original Petition.[48]

33. By its express, terms 28 U.S.C. § 1446(b) only requires the consent to removal from defendants "who have been properly joined and served." A representative of the Estate of Scott A. Driver has not appeared in this case and, upon information and belief, has not been served.[49] Thus, the Estate of Scott A. Driver need not consent to removal.

34. Alternatively, because this matter is being removed pursuant to 28 U.S.C. § 1452, consent of the other Defendant is not required.[50]

35. Venue is proper in this Court because the United States District Court for the Northern District of Texas is the district court embracing the place where the Action is pending: Cottle

---

[45] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

[46] Plfs.' Original Pet. at Section III.

[47] *Id.* at Section VII.

[48] *See* 28 U.S.C. § 1446(b)(2)(B); Service of Process Transmittal, Ex. 3.

[49] 28 U.S.C. § 1446(b)(2).

[50] *Compare* 28 U.S.C. § 1446(b)(2)(A) (requiring the consent of all defendants "when a civil action is removed solely under section 1441(a)") *with* 28 U.S.C. § 1452 (containing no such consent requirement); *see also Cal. Pub. Employ Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 103 (2d Cir. 2004) ("[R]emoval under that provision [28 U.S.C. § 1452], unlike removal under Section 1441(a), does not require the unanimous consent of the defendants."); *Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 770 (7th Cir. 2011) (same); *Cal. Pub. Emps.' Ret. Sys. v. Wachovia Capital Mkts., LLC*, 2009 WL 414647, *2 n.1 (W.D. Pa. Feb. 18, 2009).

County, Texas.[51]

36.     A copy of this Notice of Removal is being filed with the Clerk of the 50th Judicial District Court of Cottle County, Texas, and is being served upon all parties, in accordance with 28 U.S.C. § 1446(d).

37.     Copies of all executed process, pleadings and orders, as well as the docket sheet, and an index of all pleadings relating to the Action and previously filed with the 50th Judicial District Court of Cottle County, Texas are attached under *Exhibit 11*, for the Court's reference.

## V.
### CONCLUSION

38.     WHEREFORE, PREMISES CONSIDERED, Defendant FCA US LLC respectfully prays that this Notice of Removal be filed; that the civil action pending in the 50th Judicial District Court of Cottle County, Texas, Cause No. 4567, be removed to and proceed in this United States District Court; and for any further relief, both at law or in equity, to which FCA US may show itself to be justly entitled.

Respectfully Submitted,

*/s/ Kurt C. Kern*
**KURT C. KERN – Lead Counsel**
State Bar No. 11334600
Kurt.Kern@bowmanandbrooke.com
**FRED C. HUNTSMAN**
State Bar No. 24041155
Fred.Huntsman@bowmanandbrooke.com
**RYAN S. JONES**
State Bar No. 24094343
Ryan.Jones@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
5830 Granite Parkway, Suite 1000
Plano, TX 75024
Telephone:   972.616.1700
Facsimile:   972.616.1701

**ATTORNEYS FOR DEFENDANT
FCA US LLC**

---

[51] *See* 28 U.S.C. §§ 82, 1452(a).

## **CERTIFICATE OF SERVICE**

On June 30, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Kurt C. Kern*